IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE B. LANIER, #835316, | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 98-0759-JB-C |
| HAROLD WILSON, *et al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff Willie B. Lanier filed a motion to reopen the present action (Doc. 70, PageID.37), which had been commenced by him *pro se* on July 24, 1998, when he was an Alabama prison inmate, and later dismissed on September 10, 2001 when he failed to obey the Court's order to prosecute this action.[1] Lanier's motion to reopen his action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful consideration, it is recommended that Lanier's motion to reopen his action be denied.

### I. Motion. (Doc. 70).

Lanier states that he filed the present motion because the class-action lawsuit that he filed in the mid-1990s against the Alabama Department of Corrections ("ADOC") for genocide has troubled him for years.  (Doc. 70 at 1).  According to Lanier, his lawsuit concerned ADOC placing an inmate who was dying from tuberculosis in a problem

---

[1] Lanier's motion bears no civil action number.  This civil action aligns most closely with the information in his motion.

dorm, where the tubercular inmate lived the last two weeks of his life, infecting ninety percent of the dorm's inmates. (*Id.*). The infected inmates then underwent treatment for six months. (*Id.*).

Lanier states he was released from prison in April 2001. (*Id.*). And he received a letter from the Court in June or July 2001 concerning the final disposition of his case, but at that time he was struggling with a crack addiction. (*Id.* at 1-2, PageID.37-38). Because he has regained the use of his faculties, he wants to reopen the case if it is not too late. (*Id.* at 2). He believes ADOC acted intentionally, and because a co-plaintiff succumbed to the disease, it is now a case of murder, which has no statute of limitations. (*Id.*). Lanier advises that he will be released from a Florida prison on November 16, 2022. (*Id.*).

## II. Proceedings in *Lanier v. Wilson*, No. 98-0759-JB-C.

The docket in this action reflects that the other Plaintiff, Bonnide Johnson, was dismissed from this § 1983 action on May 5, 1999.[2] And the Defendants are listed as Harold Wilson, Warden Charlie Jones, and Joe S. Hopper. On January 18, 2001, Defendants' Special Reports and Answers were converted to a motion for summary judgment. (Doc. 56). The conversion order advised Lanier to inform the Court by February 22, 2001 if he desired to continue the litigation of his action. (*Id.* at 4). He notified the Court on February 21, 2001 of his intention to continue the litigation, which the Court noted on March 2, 2001. (Docs. 58, 63). He also requested an extension of time to file a response to the motion for summary judgment, which was granted on

---

[2] *See Hubbard v. Haley*, 262 F.3d 1194, 1195-98 (11th Cir.) (approving of the dismissal of a § 1983 action jointly filed by 18 Alabama inmates who each sought to proceed *in forma pauperis* and of the opening of a separate action for each inmate because an action with joint inmate plaintiffs was not allowed by the PLRA), *cert. denied*, 534 U.S. 1136 (2002).

2

February 28, 2001.  (Docs. 58, 60).  These filings and orders were some of Lanier's last contacts with the Court before his release on May 8, 2001 from ADOC's custody, *see infra*.  (Doc. 66 at 2).

The Court, in its preparation for addressing the summary judgment motion, reviewed its file and noted the complaint indicated that Lanier was to be released in June 2001.  (Doc. 66 at 1, order entered July 31, 2001).  However, Lanier had not notified the Court of a change in address.  (*Id.* at 2).  The Court contact ADOC and discovered that Lanier was released on May 8, 2021 and that his mother's address was 6813 Roland Hill Road, Pensacola, Florida.  (*Id.*).  Because Lanier had not filed a response to the motion for summary judgment, even though he had been given extensions of time to file a response (Docs. 60, 64), the Court entered an order for Lanier to advise the Court by August 13, 2001 if he intended to continue with his action or his action would be dismissed for failure to prosecute and to obey the Court's orders.  (Doc. 66 at 3).  The order also recounted the many times that Lanier had been advised in the Court's forms and orders that he must advise the Court immediately of a change in his address because the failure to do so would result in the dismissal of his action.  (*Id.*).  The Court's order was sent to the Pensacola, Florida address and was not returned to the Court by postal officials, and Lanier did not respond to the Court's order.

Thereupon, in a report and recommendation entered on August 17, 2001, the Magistrate Judge found that Lanier had abandoned the prosecution of this action and recommended this action's dismissal without prejudice for failure to obey the Court's order.  (Doc. 67 at 2).  The report and recommendation was adopted by the District

3

Judge, and the action was dismissed without prejudice on September 10, 2001.  (Docs. 68, 69)

### III. Discussion.

In the present motion Lanier did not indicate that he sought to reopen his action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  But given Lanier's *pro se* status, the Court is liberally construing his request to be a motion filed pursuant to Rule 60(b).  *Jones v. Thomas,* 605 F. App'x 813, 815 n.1 (11th Cir. 2015).[3]  Under Rule 60(b), the district court may relieve a party of a final judgment, order or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that . . . could not have been discovered [with reasonable diligence] . . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED.R.CIV.P. 60(b).  Subsection (c) of Rule 60 requires that a motion to reopen be made "within a reasonable time," which for grounds 1, 2, and 3 is no more than one year after the entry of judgment.  FED.R.CIV.P. 60(c).  Thus, the grounds 1, 2, and 3 provide no bases for reopening Lanier's action as almost twenty-one years have elapsed since judgment was entered in this action.  Furthermore, grounds 4, 5, and 6 are not consistent with the motion's allegations.  Should Lanier contend that his reasons in his motion justify relief on ground 6, the undersigned disagrees.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

4

Lanier's motion to reopen his action was not filed within a reasonable time. Rule 60(c) provides that a reasonable time to reopen for grounds 1, 2, and 3 is one year, and then, the statute of limitations for a § 1983 action in Alabama is two years. *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992). A period of almost twenty-one years is well beyond the scope of what has been considered reasonable for establishing finality of judgments, *cf.* Rule 60(b)(1-3), or exposing a person to a § 1983 lawsuit. In addition, a vague allegation of a crack addiction suffered shortly after his release from incarceration does not enter the consideration of a reasonable time. *Hill v. City of Montgomery*, 74 F. Supp.2d 1169, 1169 (M.D. Ala. 1999) (holding that a crack-cocaine addiction could not serve as a basis for tolling the two-year statute of limitations for a § 1983 action).

Furthermore, "[i]t is well established. . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.'" *Rease v. Harvey*, 376 F. App'x 920, 921 (11th Cir. 2010) (citation omitted). The party seeking relief under Rule 60(b)(6) must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (citation omitted). Here, Lanier made no showing that he will suffer in any manner if his action is not reopened, much less that he would suffer an extreme and unexpected hardship due to the lack of reopening. Thus, Lanier has not satisfied the criteria required by Rule 60(b)(6) to reopen his action.

Not only has the evidentiary burden under Rule 60(b)(6) not been met, but the Court is also cognizant that Lanier had been instructed in several instances in his action that he must keep the Court advised of any change in his address as the failure to do so

5

would result in the dismissal of his action. (Doc. 66, order recounting instances). He also admits that he received a letter from the Court in June or July 2001 concerning the final disposition of his case, but at that time he maintains that he was suffering from a crack addition. But the duration of his addiction, which occurred shortly after his release from incarceration, is not provided. Finally, since the judgment was entered for almost twenty-one years, he never provided an address to the Court even though he was aware that it was his responsibility. These shortcomings do not enhance his position regarding his motion.

   The Court also takes note that Lanier referred to his action as a class action. However, this action has not been allowed to proceed as a class action, and presently, there is no information before the Court that this action can proceed as a class action. Lanier, who is proceeding *pro se*, has not advised that he has any legal training or that he is an attorney. Rule 23 of the Federal Rules of Civil Procedure governing class actions includes as a requirement that the "representative parties will fairly and adequately protect the interests of the class." FED.R.CIV.P. 23(a)(4). Courts have held that it is error to allow a *pro se* litigant who is unassisted by counsel to represent fellow inmates in a class action. *Johnson v. Brown*, 581 F. App'x 777, 791 (11th Cir. 2014); *Bass v. Benton,* 408 F. Appx 298, 299 (11th Cir. 2011); *Frederick v. Wakulla Corr. Inst. Admin. & Staff Workers,* 2020 WL 2949835, at *2 (N.D. Fla. 2020) (unpublished); *Lett v. Ivey,* 2019 WL 7501339, at *1 (M.D. Ala. 2019) (unpublished). "[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975). Although 28 U.S.C. § 1654 permits a party to represent himself, this "personal right . . . does not

extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir.), *cert. denied*, 555 U.S. 840 (2008); *see Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (finding that an inmate could not bring an action for release of his fellow inmates from solitary confinement). Accordingly, Lanier cannot bring his action as a class action, nor can he represent anyone but himself, as "[t]he right to appear *pro se . . .* is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *See FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015).

Additionally, Lanier asserts that this has become a murder case. Murder is a *criminal* offense. However, the present action is a *civil* action, in which "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). A decision to prosecute a person for a criminal offense is within the discretion of a prosecutor or the U.S. Attorney. *U.S. v. Ballard*, 779 F.2d 287, 295 (5th Cir.), *cert. denied*, 475 U.S. 1109 (1986).

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that Lanier's motion to reopen his action be denied.[4]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it

---

[4] The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to Lanier at Walton Correctional Institution, 691 Institution Rd., DeFuniak Springs, FL 32433. (Doc. 70 at 4). The Clerk is further **DIRECTED** to reflect this address on the docket sheet and to send Lanier a copy of the docket sheet with this Report and Recommendation.

must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>.R.C<small>IV</small>.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 18th day of February, 2022.

<u>s/ WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**